IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. RISK, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00538-N |
| | § | |
| DOMINIC HAGGER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff U.S. Risk's motion to compel discovery [44] and second motion to compel discovery [63]. For the following reasons, the Court grants in part and denies in part the motions.

### I. THE DISCOVERY DISPUTE

U.S. Risk, a provider of insurance products and services, filed this lawsuit against its former employee Defendant Dominic Hagger to enforce the restrictive covenants in Hagger's employment agreement. Compl. ¶¶ 1-4 [1]. According to U.S. Risk's complaint, Hagger took various actions impermissibly competing with U.S. Risk and soliciting former employees of Oxford Insurance Brokers, Ltd. ("Oxford"), a U.S. Risk subsidiary, in violation of the agreement. *Id.* ¶¶ 25-37. During his employment with U.S. Risk, Hagger allegedly formed a new competing business, Tatum Reinsurance Intermediary LLC ("Tatum Reinsurance"), and violated his employment agreement in part through operation of this business. *Id.* U.S. Risk propounded discovery requests on Hagger and later filed this motion to compel complete answers to some of those discovery requests. After the

MEMORANDUM OPINION AND ORDER – PAGE 1

filing of the first motion, several of the issues in this dispute were resolved by the parties, including (1) the global date range in Hagger's objections limiting his response to the "Relevant Time Period" of January 1, 2019 to May 31, 2020,[1] (2) the production format of a particular email, and (3) all issues pertaining to Hagger's alleged failure to provide a privilege log.  This Order addresses the remaining issues from U.S. Risk's motions.

## II.  LEGAL STANDARD FOR MOTION TO COMPEL

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control."  FED. R. CIV. P. 34(a).  To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  FED. R. CIV. P. 37(a)(3).  The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant.  *Samsung Elecs.*, 321 F.R.D. at 280 (N.D. Tex. 2017).  A district court has wide discretion to supervise

---

[1] *See* Pl.'s App. Second Mot. to Compel 19 [65].

MEMORANDUM OPINION AND ORDER – PAGE 2

discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART PLAINTIFFS' MOTION TO COMPEL

#### A. Hagger's Objections to U.S. Risk's Definition of "Customer"

The central dispute before the Court involves the parties' disagreement regarding the propriety of U.S. Risk's definition of the term "Customer" in its discovery requests under federal discovery rules. U.S. Risk requested various information and documents related to Customers which Hagger may have impermissibly solicited or done business with, defining Customer according to its meaning in Hagger's employment agreement to include:

> any person in a business relationship with U.S. Risk or Oxford (a) for whom Hagger or any employees under Hagger's direct supervision had responsibility during the twelve months prior to Hagger's departure from U.S. Risk; (b) about whom Hagger learned Confidential Information; or (c) who purchased, provided, or received services from U.S. Risk or Oxford through Hagger's use of proprietary knowledge during the twelve months prior to Hagger's departure from U.S. Risk.

Pl.'s Ex. 4 at 6 [45-4]. The definition provided by U.S. Risk includes, but is not limited to, eleven specifically named entities. *Id.* Hagger objected to this definition as overly broad, lacking specificity and vague, reasoning that "Hagger has no personal knowledge of every Customer of U.S. Risk." Pl.'s Ex. 5 at 1 [45-5]. Hagger then responded to the requests limiting Customer to mean the eleven specific entities listed in the discovery request of

MEMORANDUM OPINION AND ORDER – PAGE 3

which he has knowledge. *Id.* U.S. Risk now asks the Court to compel a more complete response following its own broader definition of the term Customer.

The Court agrees with Hagger that U.S. Risk's discovery requests as initially written fail to describe the scope of the term Customer with reasonable particularity as required by Rule 34. *See* FED. R. CIV. P. 34(b)(1) ("The request . . . must describe with reasonable particularity each item or category to be inspected."). A request must apprise a party of what information is responsive without requiring him or her to "ponder and speculate in order to decide what is and what is not responsive." *Lopez v. Don Herring, Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018). While it is true that a request is not improper merely because a party must work to prepare a response, the requests as written would require Hagger to recall work that he performed on behalf of U.S. Risk several years ago. Further, as Hagger's employer, U.S. Risk certainly has access to documents detailing Hagger's work activities during his employment and could have assembled a more exhaustive list of specifically named Customers if it chose to do so. The Court denies the motion to compel Hagger to supplement his discovery production to include unidentified Customers.

To the extent U.S. Risk seeks to compel responses based on Hagger's withholding of documents regarding any specifically identified entity,[2] it could have included those entities in the definition of Customer or served additional discovery requests during the

---

[2] U.S. Risk argues in its brief that document productions by Hagger and third party Underwriters Management Experts show Hagger had personal knowledge of several other Customers not included in his discovery responses, "including but not limited to AccuRisk, IOA Re; RMC Group; POM & Associates; WellNet Healthcare; and USA Risk Group." Pl.'s Br. Supp. Second Mot. to Compel 2 n.4, 3-4 [63-1].

MEMORANDUM OPINION AND ORDER – PAGE 4

ninety-day extension the Court recently granted upon U.S. Risk's request. Order, Oct. 21, 2021 [59]. Thus, the Court denies the motion in its entirety as to U.S. Risk's request to compel Hagger to supplement his production according to a broader definition of the term Customer.

### B. Identification of Documents Withheld on the Basis of Hagger's Objections

Before addressing the content of particular discovery requests, the Court addresses U.S. Risk's argument that Hagger must state whether he is withholding documents on the basis of his objections. Hagger's latest responses to requests for production 1 and 16 include objections followed by indications that Hagger either responded or was unable to respond according to parameters narrower than the language of the requests themselves. *See* Pl.'s App. Second Mot. to Compel 25, 30. The responses do not indicate whether Hagger is withholding documents responsive to the requests as they are more broadly written. The Court agrees with U.S. Risk that a party objecting to discovery must state whether any responsive materials are being withheld based on that objection. *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citing *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014)). Accordingly, for Hagger's responses to requests for production 1 and 16, or any other future discovery response, Hagger must affirmatively explain whether he is actually withholding any responsive information or documents based on his objections.

The Court acknowledges Hagger's argument that this part of the motion is disingenuous because U.S. Risk's own discovery responses do not state whether documents are being withheld based on its own objections. The Court declines to base its

MEMORANDUM OPINION AND ORDER – PAGE 5

holding on this fact, in part because the Court cannot verify its accuracy when the appendix to Hagger's opposition brief does not contain the actual documents listed in its table of contents. *See generally* Def.'s App. [56]. The Court now proceeds to discuss the substance of Hagger's objections to requests for production 1 and 16.

### C.  Request for Production 1

Request for production 1 seeks various communications and messages between Hagger and any "Customer or Potential Customer" during the period of June 1, 2018 to December 31, 2018, including but not limited to discussions of Hagger's resignation and his transition to employment with Tatum Reinsurance. Pl.'s App. Second Mot. to Compel 25 [65]. Hagger objected to this request as an overly broad "fishing expedition" and stated he had produced communications "during the relevant time period" regarding the specific matters listed in the request. *Id.* Hagger also objected to the undefined term "Potential Customer" as vague, ambiguous, and overly broad and stated his response assumes that term to be equivalent to the defined term "Prospective Customer." *Id.*

To the extent U.S. Risk bases its motion on Hagger's objection to the term "Potential Customer," the Court denies the motion. U.S. Risk does not address the "Potential Customer" objection in its brief, and Hagger's response equating it to a similar, defined term is both reasonable and adequately explained in his response.

With respect to the time period, U.S. Risk argues the production response fails to adequately specify the time period of the response. Pl.'s Br. Supp. First Mot. to Compel 10 [44-1]. Hagger argues in his brief that "relevant time period" obviously refers to the time period contained in the request itself. Def.'s Opp'n First Mot. to Compel 13 [55]. To

MEMORANDUM OPINION AND ORDER – PAGE 6

the extent Hagger's production is consistent with that statement, the Court agrees it is acceptable. However, the Court also finds the response somewhat confusing given that Hagger's global response states that "[p]er agreement of the parties, the Relevant Time Period for responses to these requests is January 1, 2019 to May 31, 2020." *See* Pl.'s App. Second Mot. to Compel 19. Hagger nowhere uses the capitalized term "Relevant Time Period" in a way that clearly differentiates the above statement from his response to request for production 1. Thus, the Court agrees Hagger must confirm that his discovery response covers the time period of the request itself.

Hagger's objection to the request's overbreadth is nothing more than a boilerplate objection that does not show how the request is objectionable. Accordingly, the Court grants the motion to compel a complete response to request for production 1, and Hagger must supplement his response to include (1) all responsive communications with Customers or Potential Customers during the request's stated time period, not merely those concerning the topics listed in his response, and (2) confirm that the time period of his response refers to that of the request.

### D.  Request for Production 16

Request for production 16 seeks "copies of documents or communications with the United States Department of State or any other governmental agency related to the issuance, extension, or expiration of any visa [Hagger has] obtained from the United States during the time period from December 1, 2018 to the present." Pl.'s App. Second Mot. to Compel 30. Hagger objected to the request as not relevant or proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence,

MEMORANDUM OPINION AND ORDER – PAGE 7

propounded for purposes of harassment, and seeking confidential and private information. *Id.* More specifically, Hagger points out that his visa status is not at issue and responds that he "has permanent resident status and has no relevant communications with the United States Department of State from December 1, 2018 to May 31, 2021." *Id.*

The Court holds that Hagger has failed to meet his burden to show why the discovery is not relevant or show that it fails the proportionality requirement. *See McLeod*, 894 F.3d at 1485. Hagger's relevance objections are based only on assertions that Hagger has permanent resident status, his visa status is not at issue, and he obtained permanent visa status prior to terminating his employment with U.S. Risk. *See* Pl.'s App. Second Mot. to Compel 30; Def.'s Opp'n First Mot. to Compel 14-15. First, the absence of documents in Hagger's appendix again results in a failure to substantiate his arguments, this time that he obtained permanent visa status prior to terminating his employment. Regardless, Hagger's objections do not fully engage with U.S. Risk's stated purpose for requesting these documents: that they "may contain representations made by Hagger regarding his employment with U.S. Risk, the termination of his employment with U.S. Risk, or his creation or operation of Tatum Reinsurance." Pl.'s Br. Supp. First Mot. to Compel 10. Additionally, Hagger's brief does not address U.S. Risk's arguments that Hagger's response only mentions the United States Department of State even though the terms of request for production 16 include other governmental agencies. Hagger provides no legal authority to support his contention that this information is privileged or otherwise outside the scope of discovery, and it is his burden as the party resisting discovery to do so. Accordingly, the Court grants the motion to compel a complete response to request for

MEMORANDUM OPINION AND ORDER – PAGE 8

production 16, including communications with the United States Department of State or any other governmental agencies regarding Hagger's visa during the listed time period.

### E. Requests for Hagger's Phone Records

U.S. Risk also asks the Court to compel Hagger to produce complete and unredacted copies of phone records associated with a particular Verizon account used by Hagger for his Tatum Reinsurance business activities.[3] U.S. Risk previously agreed not to serve a subpoena to Verizon for this information in exchange for Hagger's promise to provide the relevant information himself. *See* Pl.'s Ex. 7 [45-7] (agreement); Pl.'s Ex. 6 [45-6] (proposed subpoena). The proposed subpoena expressly excluded the content of any communications but did include: (1) subscriber information; (2) billing statements; (3) toll records (call detail as reflected on billing statements); (4) wireless call details, including originating and terminating telephone numbers as well as the date and time of the call; and (5) text or SMS data including originating and terminating telephone numbers and the date and time of the message. Hagger produced some but not all of these records subsequent to the agreement. U.S. Risk argues Hagger failed to disclose any of the text message data or call origination and destination location data. Hagger objects to the motion on the grounds that much of the information in the phone records sought is irrelevant.

---

[3] Both parties agree that Hagger need not disclose and may redact call and texting information for telephone numbers belonging to Hagger's family members that are associated with the same Verizon account as the telephone number used by Hagger and Tatum Reinsurance. *See* Pl.'s Br. Supp. First Mot. to Compel 17 n.43; Def.'s Opp'n First Mot. to Compel 18.

MEMORANDUM OPINION AND ORDER – PAGE 9

Hagger cites *Benge v. Highgate Holdings* for the proposition that discovery requests are improper fishing expeditions where they fail to explain the need for all phone records rather than a list of relevant portions of the records. 2011 WL 13290463, at *3 (N.D. Tex. 2011). However, *Benge* is distinguishable. In *Benge*, the defendant company in a Fair Labor Standards Act case sought the plaintiff employee's personal phone records to determine whether the plaintiff had communicated with any employees of the defendant or other individuals relating to her claims. *Id.* at *1-3. Nothing in that opinion indicated the information sought by the requests was directly and logically tied to an attempt to find evidence affecting the merits of the case. By contrast, when proving contractually prohibited communications with particular third parties is relevant to establishing liability, as it is in restrictive covenant cases like this one, a more thorough review of the defendant's phone communications may be warranted.

Hagger's argues that U.S. Risk should be required to provide a list of relevant portions of the records such as the relevant phone numbers or third parties contacted. But requiring a non-compete plaintiff to provide a list of phone numbers to narrow a phone records request would make little sense. If this were the rule, a party violating a non-compete may avoid detection and liability by simply contacting people at any phone number not previously known by the plaintiff to be associated with the relevant individuals. Such a rule would be especially problematic where, as here, the employment agreement prohibits solicitation of prospective clients as well as existing ones. *See* Employment Agreement 6, 14 [1-1]. Relatedly, Hagger attempts to distinguish the cases U.S. Risk relies

on to show that the phone record discovery sought here is proper in a non-compete and non-solicitation case, but the Court is unconvinced.

Hagger argues that the requests in two cases cited by U.S. Risk were properly "limited to phone numbers that were relevant to the case," and that, based on this precedent, the requests here should be limited to U.S. Risk's communications with the relevant parties. Def.'s Opp'n First Mot. to Compel 18 [55]. First, Hagger misreads *NuVasive, Inc. v. Absolute Medical, LLC* — in that case, the requests were limited to the phone numbers of the relevant *defendants*, not the phone numbers of the relevant third parties they were accused of impermissibly contacting. 2019 WL 12517009, at *2 (M.D. Fla. 2019) (holding subpoenas for defendants' phone records were proportional to the needs of a non-compete case where the requests did not include communication contents and were limited to the relevant time period). And while the district court in *Inventiv Health Consulting, Inc. v. French* did reject an overbreadth argument vaguely noting the request was limited to "records that may concern any of the facts or circumstances raised by the pleadings," it does not follow that a broader request would necessarily be impermissible. 2020 WL 728148, at *6 (E.D.N.C. 2020). Regardless, the reasoning in *NuVasive, Inc.* is more persuasive because cases involving non-compete and non-solicitation agreements "necessarily require review of the defendant's communications with third parties." *NuVasive*, 2019 WL 12517009, at *2. The Court proceeds to address Hagger's remaining arguments that the Court should not compel production of the complete phone records due to privacy concerns and U.S. Risk's ability to narrow its requests.

MEMORANDUM OPINION AND ORDER – PAGE 11

Hagger also objects to the request for his phone records to the extent the records would reveal the physical location of the parties to each communication in the records. Def.'s Opp'n First Mot. to Compel 19. However, the Court agrees with U.S. Risk that piecemeal redactions to responsive documents based on relevance are disfavored under the discovery rules. *Samsung Elecs. Am. Inc.*, 321 F.R.D. 250, 299 (N.D. Tex. 2017) ("[A] responding party cannot . . . redact nonprivileged information from any responsive document because the information is not itself responsive[]."). Hagger has not shown this location information is privileged. Thus, Hagger may not redact the location data from the documents responsive to U.S. Risk's requests, and Hagger must supplement his production of any location-redacted documents with such redactions removed.

In similar fashion to his arguments regarding the proper definition of Customer above, Hagger argues U.S. Risk possesses all the information it needs to list the relevant phone numbers it is searching for. *See* Def.'s Opp'n First Mot. to Compel 18. As discussed above, examination of the phone numbers contained in the records may lead to discoveries that they are affiliated with relevant third parties even if U.S. Risk does not currently know of that affiliation. And unlike for the broader categories of information sought regarding all Customers, the phone records are available from a third-party source in a convenient, minimally invasive format that excludes sensitive contents and does not require Hagger to speculate as to what is responsive. Thus, the possibility that U.S. Risk knows many of the phone numbers that are relevant does not justify denial of the motion to compel the full and unredacted phone records.

In sum, the Court holds that U.S. Risk's requests for Hagger's phone records are relevant and proportional to the needs of this case. The Court agrees that U.S. Risk should not be precluded from reviewing Hagger's communications conducted from the phone line of a company he allegedly founded and used to violate restrictive covenants "simply because Hagger used the same line for personal communications." Pl.'s Br. Supp. First Mot. to Compel 23. Procedures may be available under the protective order in this case to limit the invasion of privacy resulting from disclosure of Hagger's phone records. *See* Protective Order [22]. And where a phone records request in a non-compete and non-solicitation case expressly excludes the contents of the communications, the defendant's privacy interests in the data at issue must give way to the plaintiff's need to review the defendant's communications. Accordingly, the Court grants U.S. Risk's motion to compel as to Hagger's complete and unredacted copies of the Verizon records for the Tatum Reinsurance phone number, including call location and texting/SMS data. However, Hagger may redact the irrelevant call and text activity specific to other telephone numbers on the same Verizon account belonging to his family members. To the extent that the discovery requests may be construed to require disclosure of the contents of any phone calls or text messages, the Court denies the motion to compel.

### E.  Attorney's Fees

U.S. Risk asks the Court to require Hagger to pay its reasonable expenses incurred in making the motions to compel. Pl.'s Br. Supp. First Mot. to Compel 16; Pl.'s Br. Supp. Second Mot. to Compel 6. On a motion to compel, if the motion is granted or disclosure or requested discovery is provided after the motion was filed, "the court must, after giving

MEMORANDUM OPINION AND ORDER – PAGE 13

an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, even when the motion is granted, a court must not order such payment where the opposing party's nondisclosure or objection was substantially justified, or such an award would be unjust. *Id.* Where, as here, the motion is granted in part or denied in part, "the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C). Hagger did not respond to U.S. Risk's request for this relief. However, because the Court decided substantial issues on these motions in favor of both parties, the Court denies U.S. Risk's request for expenses incurred in making the motions.

## CONCLUSION

The Court denies the motions as to U.S. Risk's request to compel supplemented production according to a broader definition of the term "Customer" and U.S. Risk's request for expenses incurred. The Court grants the motions to compel Hagger to (1) state whether he is withholding documents based on his objections to requests for production 1 and 16; (2) produce complete responses to requests for production 1 and 16; and (3) produce complete and unredacted phone records as described above, except he may redact information regarding the phone activity of other telephone numbers on the account. The Court orders Hagger to produce the compelled discovery within fourteen (14) days of this Order.

Signed January 24, 2022.

_____
David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 15